IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

**February 4, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| McCALLIE CHIROPRACTIC CLINIC, INC., d/b/a McCALLIE HEALTH CENTER, | ) | HAMILTON CHANCERY |
| | ) | C. A. NO. 03A01-9708-CH-00318 |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. HOWELL N. PEOPLES |
| | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| ERWIN DINSMORE, Police Commissioner, and THE CITY OF CHATTANOOGA, | ) | AFFIRMED AND REMANDED |
| | ) | |
| | ) | |
| | ) | |
| Defendants-Appellees | ) | |

DOUGLAS R. PIERCE and DEENA M. CHARDOFF, King & Ballow, Nashville, for Appellant.

PHILLIP A. NOBLETT & RANDALL L. NELSON, City Attorney, Chattanooga, for appellees.

O P I N I O N

McMurray, J.

The appellant (plaintiff) instituted this action against the appellees (defendants) in an attempt to gain access to copies of police reports of automobile accidents investigated by the Chattanooga Police Department. The plaintiff had requested by letter to inspect "[a]ll traffic accident reports maintained by your department which relate to any accident occurring within seven days preceding the date of this letter." The defendants had refused access to the plaintiff on the theory that such accident reports are made confidential under the provisions of T.C.A. §§ 55-10-108, et seq. The action was brought pursuant to the provisions of The Tennessee Public Records Act codified in T.C.A. §§ 10-7-503, et seq. The trial court denied relief and this appeal resulted. We affirm the judgment of the trial court.

We are unable to ascertain from the record whether any evidence was presented at the hearing before the trial court. There is a notice that no transcript will be filed. The complaint and the admissions in the answer are sufficient, however, to present the court with an issue limited to a question of law. The question of law as stated by the appellant in its brief is "whether the public has a right of access to traffic accident reports maintained by local law enforcement agencies?" In reaching an answer to this question the pertinent parts of T.C.A. §§ 10-7-503,

2

et seq., and T.C.A. §§ § 55-10-108, et seq., must be read "in pari materia."

> ... It is well-settled that the guiding principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. State v. Sliger, 846 S.W.2d 262, 263 (Tenn. 1993). In seeking to ascertain legislative intent, we must look to the entire statute in order to avoid any forced or subtle construction of the pertinent language. McClain v. Henry I. Siegel Co., 834 S.W.2d 295 (Tenn. 1992). Accordingly, statutes "in pari materia" -- those relating to the same subject or having a common purpose -- are to be construed together, and the construction of one such statute, if doubtful, may be aided by considering the words and legislative intent indicated by the language of another statute. Belle-Aire Village, Inc. v. Ghorley, 574 S.W.2d 723, 725 (Tenn. 1978); Spence v. Miles Laboratories, Inc., 810 F.Supp. 952 (E.D. Tenn. 1992). Finally, another aid to determining legislative intent is the rule "ejusdem generis," meaning where general words follow special words which limit the scope of the statute, general words will be construed as applying to things of the same kind or class as those indicated by the preceding special words. Nance by Nance v. Westside Hosp., 750 S.W.2d 740, 743 (Tenn. 1988).

Lyons v. Rasar, 872 S.W.2d 895, 897 (Tenn. 1994).

> In construing a statute it is the duty of the court to give every word and phrase meaning. United Canners, Inc. v. King, 696 S.W.2d 525 (Tenn. 1985). We must construe the statute so that no part is inoperative, superfluous, void or insignificant. Tidwell v. Collins, 522 S.W.2d 674 (Tenn. 1975). "Statutes are not to be construed so strictly as to defeat the obvious intention of the legislature. . . . Questions involving statutory construction 'must be answered in light of reason, having in mind the object of the statute, and the mischief it aims at.'" State v. Netto, 486 S.W.2d 725, 728 (Tenn. 1972) (citation omitted). Therefore, indefinite and unclear words in the statute must be given such interpre-

tation as will express the legislature's intention and purpose. <u>Hood v. State</u>, 187 Tenn. 501, 216 S.W.2d 14 (1948).

<u>Lofton v. Langsdon</u>, 813 S.W.2d 475 (Tenn. App. 1991).

We are required to construe terms reasonably and not in a fashion which will lead to an absurd result.

<u>McClelland v. Board of Regents of the State Univ.</u>, 921 S.W.2d 684 (Tenn. 1996).

Since we are reviewing a judgment involving a question of law, our standard of review is <u>de novo</u> with no presumption of correctness. <u>See</u> <u>NCNB Nat'l Bank v. Thrailkill</u>, 856 S.W.2d 150 (Tenn. Ct. App. 1993).

Having now determined the rules to be applied in interpreting the statutes and our standard of review, we will direct our attention to the statutes in question.

T.C.A. § 55-10-108 provides in pertinent part as follows:

**55-10-108. Additional information - Request for copy of report. —**

\*       \*       \*

(b)   Every law enforcement officer who, in the regular course of duty, investigates a motor vehicle accident, whether such accident has occurred on a highway within this state or on privately owned real property, either at the time of and at the scene of the accident or thereafter, by interviewing the participants or witnesses, shall, within twenty-four (24) hours after completing such investigation, forward a written report of such accident to the department, and a copy thereof shall be kept in the various district offices of the Tennessee highway patrol.

4

*    *    *

(d) Upon written request to the commissioner of safety in Nashville by the <u>driver or owner of a vehicle involved in such an accident, or the driver's or owner's agent or legal representative</u>, a copy of any written report of a motor vehicle accident investigated by the department shall be forwarded to the requesting party ... Such report under subsection (b) shall not be considered confidential within the meaning of § 55-10-114(a). Such forwarded report shall exclude automobile liability insurance information. Copies of any written reports of a motor vehicle accident investigated by the department which are on file in the various district offices of the Tennessee highway patrol shall be made available for inspection by the parties hereinabove set forth ... . (Emphasis added).

T.C.A. § 55-10-111 provides in pertinent part as follows:

*    *    *

(c) The commissioner may suspend the license or permit to drive and any nonresident operating privileges of any person failing to report an accident as herein provided until such report has been filed, and the commissioner may extend such suspension not to exceed thirty (30) days. A person failing to make a required report commits a Class C misdemeanor.

T.C.A. § 55-10-114 provides in pertinent part as follows:

**55-10-114. Public inspection of reports relating to accidents.** — (a) All accident reports made by <u>any person</u> or by garages shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, or for the administration of the laws of this state relating to the deposit of security and proof of financial responsibility by persons driving or the owners of motor vehicles, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies having been present at such accident. (Emphasis added).

*    *    *

5

T.C.A. § 10-7-403 defines public records. The part as pertinent here is found in paragraph (4) which provides as follows:

> (4) All documents, papers, records, books of account and minutes of the governing body of any municipal corporation within the county, or of any office or department of such municipal corporation within the definition of "permanent records," "essential records" and/or "records of archival value" as defined in § 10-7-301, constitute "public records" of such municipal corporation. All documents, papers or records of any municipal corporation within the county or of any office or department of such municipal corporation which constitute "temporary records" and/or "working papers" within the definition set forth in § 10-7-301(13) and (14) constitute "public records" of the municipality.

T.C.A. § 7-5-503 provides in pertinent part as follows:

> **10-7-503. Records open to public inspection - Exceptions.** — (a) All state, county and municipal records ... shall at all times, during business hours, be open for personal inspection by any citizen of Tennessee, and those in charge of such records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law.
>
> *       *       *

Our research has revealed no authority, nor have the parties directed our attention to any (except an opinion of the State Attorney General & Reporter) on the precise issue under consideration here. We are not bound by the opinion of the Attorney General, however, we note that the opinion is to be accorded the utmost esteem.

In reaching a decision, the chancellor disagreed with the opinion of the Attorney General and reasoned that "[i]t is

6

irrational ... to make identical documents available from one source and unavailable from another."  The chancellor also notes, citing Polk Co. v. State Bd. of Equalization, 484 S.W.2d 49, 58 (Tenn. App. 1972, that "[a] court shall not interpret a ... [statute] so as to render its application illogical or unreasonable."  He concluded "[t]hat to rule otherwise would be to create an exception which would swallow the rule of confidentiality set forth in § 55-10-114(a)."

The appellant argues that there is no authority to explain the lower court's decision that because traffic accident reports in the custody of the Department of Safety and filed by those who are not law enforcement officials are confidential, therefore, reports that are in the custody of local law enforcement agencies are also confidential.  It appears that the appellant fails to recognize that local law enforcement officers who investigate an accident are under the same duty as individuals to file an accident report with the Department of Safety under penalty of committing a class C misdemeanor for failure to do so.

We agree with the appellant's argument that the Tennessee Public Records Act is to "be broadly construed so as to give the fullest possible public access to public records."  We are statutorily mandated to do so.  See T.C.A. § 10-7-505(d).  In following the mandates of the statute, however, we are not bound to construe the statute in a vacuum.  As hereinbefore noted, we must

construe the statute in "Pari Materia" with other statutes — those relating to the same subject or having a common purpose.

Title 10, Chapter 7 and Title 55, Chapter 10 fall within the "pari Materia," rule set out above. Both have a common subject — "confidential public records." See T.C.A. 10-7-301 for definitions.

Without question, T.C.A. § 55-10-114 clothes reports filed pursuant its provisions with confidentiality when filed with the Department of Safety. T.C.A. § 55-10-108(d) provides a limited exception to confidentiality, i.e., excepting only requests for copies of reports made by "the driver or owner of a vehicle involved in an accident, or the driver's or owner's agent or legal representative ... ." Confidentiality of reports requested by the persons listed above is removed only so far as to allow the Department of Safety to release copies of the reports to parties specifically named above. The plaintiff in this action does not come within the exceptions.[1]

We believe that a copy of a report filed by a person who is required to file such a report under the provisions of T.C.A. 55-10-114 and retained in his or her possession or in a central depository such as a police department should be accorded the same

---

[1]T.C.A. § 55-10-114 also allows the release of the identity of "a person involved in an accident when such identity is not otherwise known or when such person denies having been present at such accident." We believe that this provision is likewise limited to the driver or owner of a vehicle involved in an accident, or the driver's or owner's agent or legal representative.

confidentiality. Reasonable prudence would require a reporting officer to keep a copy of the report for his or her benefit either for later use to refresh his or her memory when testifying in court or for use to demonstrate that a report was made in accordance with T.C.A. § 55-10-114 in the event a question arises concerning whether a report was made. Further, we do not believe that it was the intention of the General Assembly in enacting T.C.A. § 10-7-503 to allow persons or entities entitled to inspect public records under the provisions thereof to do indirectly that which they cannot do directly. It is a well-settled principle of law that one cannot do indirectly what cannot be done directly. <u>See i.e.</u>, <u>Scott v. McReynolds</u>, 255 S.W.2d 401, 36 Tenn. App. 289 (Tenn. App. 1952) and <u>Roberts v. Roberts</u>, 767 S.W.2d 646 (Tenn. App. 1988). It is further persuasive to note that the provisions of T.C.A. § 55-10-114 specifically provides that the reports shall be for the <u>confidential use of the department or other state agencies</u>. We are convinced that the General Assembly did not intend that the names of people identified in the report be used by private persons and entities for solicitation purposes. The statute does not depend on the situs of a report to accord it confidentiality.

We concur with the result reached by the trial court. To hold otherwise would eviscerate the provisions of T.C.A. § 55-10-114 and bring about an absurd result.

The appellees have raised a secondary issue. They insist that the court had no subject matter jurisdiction because the record

does not establish that Douglas Friedman (the requesting agent) is a citizen of Tennessee or has capacity to bring this action on behalf of McCallie Chiropractic Clinic, Inc. Insofar as we are able to determine, this issue was not raised in the trial court. Further, the defendants admitted citizenship and agency in their answer. We find no merit in this issue.

We affirm the judgment of the trial court. Costs are assessed to the appellant and this case is remanded to the trial court.

_____
Don T. McMurray, J.

CONCUR:


_____
Herschel P. Franks, Judge


_____
William H. Inman, Senior Judge

IN THE COURT OF APPEALS
AT KNOXVILLE

| | | |
|---|---|---|
| McCALLIE CHIROPRACTIC CLINIC, INC., d/b/a McCALLIE HEALTH CENTER, | ) ) ) | HAMILTON CHANCERY C. A. NO. 03A01-9708-CH-00318 |
| Plaintiff-Appellant | ) ) ) ) ) ) | |
| vs. | ) ) ) ) ) ) | HON. HOWELL N. PEOPLES JUDGE |
| ERWIN DINSMORE, Police Commissioner, and THE CITY OF CHATTANOOGA, | ) ) ) ) | AFFIRMED AND REMANDED |
| Defendants-Appellees | ) | |

**JUDGMENT**

This appeal came on to be heard upon the record from the Chancery Court of Hamilton County, briefs and argument of counsel. Upon consideration thereof, this Court is of opinion that there was no reversible error in the trial court.

We affirm the judgment of the trial court. Costs are assessed to the appellant and this case is remanded to the trial court.

PER CURIAM

11